In re: ALBERT DOUGLAS STONE, Employee v. G & G BUILDERS, Employer, EMPLOYERS MUTUAL INSURANCE CO., Carrier

No. 161PA96

(Filed 9 May 1997)

**Workers' Compensation § 259 (NCI4th)— temporary total disability—permanent partial disability—plaintiff not entitled—supporting evidence**

The Industrial Commission's determination that plaintiff is not entitled to temporary total disability compensation for a back injury after a certain date and that plaintiff is not entitled to permanent partial disability compensation was supported by the evidence where an investigator testified that she videotaped plaintiff performing various physical activities, and an orthopedic surgeon who examined plaintiff opined that plaintiff could return to regular employment with certain restrictions, testified that plaintiff's responses during the examination caused him to question plaintiff's credibility regarding his statements of pain, and stated that plaintiff did not have any objective findings on which to base a permanent partial disability rating.

**Am Jur 2d, Workers' Compensation §§ 381, 382.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 121 N.C. App. 671, 468 S.E.2d 510 (1996), reversing an opinion and award of the Industrial Commission entered 19 December 1994. Heard in the Supreme Court 14 November 1996.

*Brenton D. Adams for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Linda Stephens and James E.R. Ratledge, for defendant-appellants.*

PARKER, Justice.

Plaintiff-employee, Albert Douglas Stone, suffered a compensable back injury on 5 March 1992. On 14 March 1994 Deputy Commissioner Gregory M. Willis filed an opinion and award denying plaintiff's claims for temporary total and permanent partial disability. The Industrial Commission affirmed the deputy commissioner's opinion and award. Plaintiff appealed to the Court of Appeals, which, in a unanimous opinion, reversed the Commission. On 30 July 1996 this Court allowed defendants' petition for discretionary review.

On 5 March 1992 plaintiff suffered a compensable back injury which prohibited plaintiff from working immediately after the accident. On 8 April 1992 plaintiff and G & G Builders and Employers Mutual Insurance Company (defendants) entered an Industrial Commission Form 21 "Agreement for Compensation for Disability" (Agreement), which was approved by the Commission on 24 April 1992. Pursuant to the Agreement defendants agreed to pay to plaintiff the sum of $210.01 per week for an "undetermined" number of weeks.

On 12 October 1992 plaintiff was seen by Dr. Lee A. Whitehurst, an orthopaedic surgeon and spine specialist, for an independent medical examination. Dr. Whitehurst noted in his medical records that plaintiff's hands were "well textured" and grease stained, "indicating some labor." Dr. Whitehurst opined in his medical records that plaintiff did "not have any objective findings on which to base a permanent partial disability rating" and further opined that plaintiff could return to regular employment with the "routine weight lifting guidelines" that he have assistance when lifting more than 50 to 70 pounds. On 29 October 1992 defendants stopped payment of temporary total disability compensation. Defendants' Industrial Commission Form 24

**IN RE STONE v. G & G BUILDERS**

[346 N.C. 154 (1997)]

"Application of Employer or Insurance Carrier to Stop Payment of Compensation" was approved on 13 November 1992.

Plaintiff requested a hearing to contest defendants' termination of plaintiff's disability payments, and a hearing was held on 13 July 1993. Defendants introduced evidence that plaintiff was able to perform various physical activities including painting overhead with a roller, lifting and carrying plywood, trimming overhead branches, and throwing horseshoes. In addition, defendants introduced medical evidence that as of 12 October 1992, plaintiff retained no permanent partial impairment to his back and that plaintiff could return to regular employment with certain restrictions. Furthermore, Dr. Whitehurst testified that plaintiff's responses during the medical examination were "nonphysiologic" and "atypical" for the expected pain response.

After the hearing the deputy commissioner made the following findings:

8. Based on the examination and opinions of Dr. Whitehurst, the undersigned finds that plaintiff's testimony was not credible.

9. From 29 October 1992 and continuing plaintiff has been capable of returning to work at his regular job with [G & G Builders], and any inability of plaintiff to be gainfully employed was not caused by the injury to his back of 5 March 1992. Since 29 October 1992 plaintiff has not made a reasonable effort under the circumstances to obtain gainful employment.

10. As a result of the accident on 5 March 1992, plaintiff retains no permanent partial impairment to the use of his back.

Based upon these findings the Commissioner concluded that plaintiff is not entitled to any temporary total disability compensation after 20 October 1992 and that plaintiff is not entitled to any permanent partial disability compensation.

The opinion and award was reviewed by the full commission on 11 July 1994. The full commission reached "the same facts and conclusions as those reached by the Deputy Commissioner." In addition, the full commission found the following:

8. Based on the examination and opinions of Dr. Whitehurst, the undersigned find that plaintiff's testimony was not credible or convincing as to his inability to engage in the same or any other employment at the same wages.

## IN RE STONE v. G & G BUILDERS

[346 N.C. 154 (1997)]

In workers' compensation cases the Industrial Commission is the fact-finding body. *Watkins v. City of Wilmington*, 290 N.C. 276, 280, 225 S.E.2d 577, 580 (1976). On appeal from an order of the Industrial Commission, "[t]he reviewing court's inquiry is limited to two issues: whether the Commission's findings of fact are supported by competent evidence and whether the Commission's conclusions of law are justified by its findings of fact." *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986). In the instant case we conclude that the Commission's findings of fact are supported by competent evidence and that the conclusions of law are justified by these findings.

In order to qualify for compensation under the Workers' Compensation Act, a claimant must prove both the existence and the extent of disability. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). In the context of a claim for workers' compensation, disability refers to the impairment of the injured employee's earning capacity. *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 342 S.E.2d 798 (1986). "If an award is made by the Industrial Commission, payable during disability, there is a presumption that disability lasts until the employee returns to work . . . ." *Watkins v. Central Motor Lines*, 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971). However, as stated in Rule 404(1) of the Workers' Compensation Rules of the North Carolina Industrial Commission, this presumption of continued disability is rebuttable. In the instant case the parties entered into a Form 21 Agreement which was approved by the Commission on 24 April 1992. On 13 November 1992 defendants' Form 24 application to stop payment was approved by the Commission. Any presumptions existing in favor of the employee were rebutted by defendants in this case through medical and other evidence.

Teresa Jean Atkins, an investigator with DATA Adjusters, Inc., testified that she videotaped plaintiff performing various physical activities in September of 1992. Defendants also introduced medical evidence that plaintiff retained no permanent partial impairment to his back as of 12 October 1992 and that plaintiff could return to regular employment with certain restrictions. In addition, Dr. Whitehurst testified that plaintiff's responses during the medical examination gave him cause to question plaintiff's credibility regarding his statements of pain. Defendants' evidence led the Commission to find that "plaintiff's testimony was not credible or convincing as to his inability to engage in the same or any other employment at the same wages." This finding is supported by competent evidence in the record.

The Commission also found that "[a]s a result of the accident on 5 March 1992, plaintiff retains no permanent partial impairment to the use of his back." Dr. Whitehurst stated in his deposition testimony that as a result of his examination he determined that plaintiff "did not have any objective findings on which to base a permanent partial disability rating." Thus, this finding is supported by competent evidence in the record.

Finally, the Commission found that "any inability of plaintiff to be gainfully employed was not caused by the injury to his back of 5 March 1992. Since 29 October 1992 plaintiff has not made a reasonable effort under the circumstances to obtain gainful employment." This finding is similarly supported by the testimony of Dr. Whitehurst and other competent evidence in the record.

The above findings of fact support the Commission's conclusions that plaintiff is not entitled to any temporary total disability compensation after 20 October 1992 and that plaintiff is not entitled to any permanent partial disability compensation.

The decision of the Court of Appeals is reversed, and this case is remanded to that court for further remand to the Industrial Commission for reinstatement of its opinion and award.

REVERSED.