I must respectfully dissent from the majority opinion in this matter and would vote to adopt the holding of the Deputy Commissioner in this matter. Pursuant to Watkins v. Central MotorLines, Inc., 279 N.C. 132, 181 S.E.2d 588 (1971), plaintiff is entitled to a presumption of disability by virtue of the Form 21 Agreement for Compensation. As a result, the burden of proof then shifts to defendants to establish that plaintiff is no longer disabled. In re Stone v. C G Builders, 346 N.C. 154, 484 S.E.2d 365
(1997). In this matter, defendants have established plaintiff was terminated from his employment due to insubordination and his misconduct was unrelated to the compensable injury. Significantly, his misconduct preceded the compensable injury. Plaintiffs behavior and resulting termination constituted a constructive refusal of suitable employment by plaintiff. Therefore, he is not entitled to additional benefits. Seagraves v. The Austin Companyof Greensboro, 123 N.C. App. 228, 472 S.E.2d 397 (1996).
Furthermore, any permanent partial disability, which plaintiff retains is not due to the admittedly compensable back strain but rather is due to the 1990 ruptured disk and surgery. Consequently, plaintiff is not entitled to permanent partial disability benefits.
 S/_______________ DIANNE C. SELLERS COMMISSIONER