GEORGE W. JONES, EMPLOYEE v. MYRTLE DESK COMPANY, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 5 May, 1965.)

**1. Master and Servant § 93—**

Review of an award in the Superior Court is limited to questions of law and legal inference, the findings of fact by the Industrial Commission being conclusive if supported by competent evidence, even though there be evidence that would support findings to the contrary.

**2. Master and Servant § 54—**

Evidence *held* to sustain findings that the injury occurred while claimant was performing work for his own purposes without permission of the employer, and therefore that the injury did not arise out of and in the course of the employment.

APPEAL by plaintiff from *Latham, S. J.*, January 4, 1965, Session of GUILFORD.

Proceeding pursuant to the Workmen's Compensation Act.

Plaintiff's claim for compensation was first heard before Deputy Commissioner Thomas. Evidence was presented both by plaintiff and defendant Myrtle Desk Company. The Deputy Commissioner found these facts:

Plaintiff was accidentally injured on 12 November 1963. He had been employed by defendant Desk Company for 5½ years as a shaper operator. A shaper is a machine used to shape posts, moulding, legs and other furniture parts. It was the policy of the Desk Company to permit employees to do personal work on company time if they first obtained permission from their foreman. They could make use of cull and waste material for personal purposes provided they presented it to their superior for determination of its value and made payment of the price fixed, if any. About 4:00 P.M. on 12 November 1963 (during working hours), plaintiff got a cull post and was shaping out a picture frame on the machine. The knives in the shaper "grabbed" the post and pulled

plaintiff's right hand into the blades. As a result, parts of the thumb and fingers on his right hand were amputated. Plaintiff's brother, also an employee of Desk Company, had requested him the day before to shape the picture frame for a church. It was not company work; his brother had no authority to give permission for the work. Plaintiff was doing the work without having obtained specific permission from his foreman. The cull material had not been valued. "At the time of his injury by accident plaintiff was performing personal work without permission, from which work defendant employer received no benefit and such work was not incident to plaintiff's employment."

The Deputy Commissioner concluded that plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant employer, and denied plaintiff's claim for compensation.

Upon review, the Full Commission adopted as its own the findings of fact and conclusions of law of the Deputy Commissioner, together with the result reached by him. The Superior Court, on appeal, overruled plaintiff's exceptions and affirmed the award of the Commission.

*C. T. Kennedy and Haworth, Riggs, Kuhn & Haworth for plaintiff. Lovelace & Hardin for defendants.*

PER CURIAM. Counsel for plaintiff has presented the contentions of his client, both as to the facts and law, with thoroughness, force and competency. These contentions have been fully considered in our review of the record. However, we find nothing which justifies a remand of the cause or a reversal of the judgment below. Review in Supreme Court is limited to questions of law and legal inference. The findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary. The record in this case contains competent supporting evidence for each finding of fact. The findings are positive and cover all crucial facts upon which the right to compensation depends. The facts found support the conclusion that plaintiff's injury did not arise out of and in the course of his employment with defendant employer. *Bell v. Dewey Brothers, Inc.,* 236 N.C. 280, 72 S.E. 2d 680.

Affirmed.