BRACY DEESE, EMPLOYEE v. CHAMPION INTERNATIONAL CORPORATION, EMPLOYER (SELF-INSURED), AND SEDGWICK JAMES OF THE CAROLINAS, ADMINISTRATOR

No. 500PA98-2

(Filed 16 June 2000)

**1. Workers' Compensation— credibility determination—findings of fact**

The Court of Appeals erred in a workers' compensation case by reversing the full Industrial Commission's opinion and award based on the erroneous determination that the Commission's findings of fact and conclusions of law are not supported by competent evidence because: (1) the Commission was not required to explain in finding of fact eighteen why it found plaintiff-employee's testimony credible; and (2) even though there is conflicting evidence, there is competent evidence to support the Commission's findings that plaintiff does not have earning capacity and continues to be totally disabled.

DEESE v. CHAMPION INT'L CORP.

[352 N.C. 109 (2000)]

## 2. Workers' Compensation— wage-earning capacity—temporary total disability

Even though the Industrial Commission in a workers' compensation case made a reference in one of its findings of fact that plaintiff-employee was not earning wages at his former wage level, the Commission did not apply the wrong legal standard when it determined that plaintiff was temporarily totally disabled because another finding of fact indicated the Commission properly looked at plaintiff's wage earning capacity in making its determination.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 133 N.C. App. 278, 515 S.E.2d 239 (1999), replacing its holding in a prior decision of this case reported at 131 N.C. App. 299, 506 S.E.2d 734 (1998), and remanding an opinion and award entered by the North Carolina Industrial Commission 4 September 1997. Heard in the Supreme Court 16 February 2000.

*John A. Mraz, P.A., by John A. Mraz, for plaintiff- appellant.*

*Robinson & Lawing, L.L.P., by Jane C. Jackson, Jolinda J. Babcock, and Kristin M. Major, for defendant-appellees.*

ORR, Justice.

This case arises out of proceedings before the Industrial Commission initiated after defendants, on 13 December 1994, filed a Form 24 application to terminate plaintiff's workers' compensation benefits "on the grounds that the plaintiff is presently either a partner, owner and/or employee of a used car dealership . . . and that plaintiff therefore has earning capacity and does not continue to be totally disabled." Defendants supported their contention with documents and videotapes of plaintiff inspecting vehicles, talking with customers, and working in the office. However, plaintiff failed to respond to defendants' application to terminate benefits. Thus, on 13 February 1995, the Commission entered an administrative decision and order approving defendants' application effective 15 February 1994. On 16 March 1995, plaintiff filed a request that the order be assigned for hearing.

A deputy commissioner conducted a hearing on 21 February 1996. On 14 January 1997, the deputy commissioner entered an opinion and award, finding, *inter alia,* the following:

22. The videotapes are significant in that they shed light on the plaintiff's veracity. The plaintiff's attempts to operate these businesses without the knowledge of the defendants, coupled with the contradiction of his testimony by the videos[,] are circumstances the undersigned finds significant in assessing plaintiff's propensity for truth. In view of the documentary evidence and videotape evidence, the undersigned finds plaintiff's testimony that he was not involved in vehicle sales to be unbelievable.

The deputy commissioner's findings generated conclusions of law to the effect that defendants demonstrated that "plaintiff has regained his wage earning capacity" and that as of 15 February 1994, defendants were entitled to stop payment of temporary total disability benefits.

Plaintiff appealed to the full Commission, which reconsidered the evidence but did not hear live testimony. In its opinion and award entered 4 September 1997, the full Commission made the following pertinent findings of fact:

16. Mr. William Gregory, a private investigator hired by defendant, obtained videotape of plaintiff on the premises of his brother's car lot in the fall of 1994. Prior investigations by Mr. Gregory produced no evidence that plaintiff was engaging in any activity that went beyond his recommended physical limitations. Further, there is no evidence in the record that plaintiff was earning wages at his former wage level with defendant from this car business or from any other employment.

17. The Deputy Commissioner in this matter found plaintiff's testimony regarding his association with his brother's car business and his later investment in said business was not credible. The Deputy Commissioner found that plaintiff had attempted to keep his involvement with the car business hidden from defendant and that plaintiff had never mentioned his involvement to any of his treating physicians until after he learned that his activities had been videotaped.

18. Despite the Deputy Commissioner's first hand observations of the witness at hearing, the Full Commission finds that plaintiff's testimony regarding his association with his brother's car business and his later investment in said business to be credible for the following reasons: plaintiff informed Dr. Lawless that

he had been spending some time with his brother at his brother's car dealership; plaintiff's statements to Dr. Lawless are corroborated by statements to Dr. Lawless by plaintiff's wife; Ms. Donna Kropelnicki, the rehabilitation nurse assigned by defendant to plaintiff's case, had knowledge of the fact that plaintiff was attempting to get out of the house and that he had been frequently visiting his brother's business[;] and[] it was only after Ms. Kropelnicki reported these activities to defendant that the later videotapes were taken.

. . . .

21. As the result of his 4 August 1989 injury by accident, plaintiff has been unable to earn wages in his former employment with defendant or in any other employment from 15 February 1994 through the present and continuing.

Based on the findings of fact, "the Full Commission conclude[d] as a matter of law that the Administrative Decision and Order of [the] Special Deputy Commissioner . . . filed 13 February 1995 which allowed the termination of plaintiff's benefits . . . was erroneously approved." Additionally, the full Commission concluded that "as a result of his 4 August 1989 injury by accident, plaintiff is entitled to have defendant reinstate payments of temporary total disability compensation." Thus, the Commission, with one commissioner dissenting, reversed the deputy commissioner and awarded plaintiff temporary total disability benefits. Defendants then appealed to the Court of Appeals.

In the Court of Appeals' first review of the case *sub judice*, it reversed the opinion and award of the Commission and remanded the case to the full Commission. *Deese v. Champion Int'l Corp.*, 131 N.C. App. 299, 304, 506 S.E.2d 734, 737 (1998). In support of its decision, the court followed its prior holding in *Sanders v. Broyhill Furn. Indus.*, 124 N.C. App. 637, 478 S.E.2d 223 (1996), *disc. rev. denied*, 346 N.C. 180, 486 S.E.2d 208 (1997). In *Sanders*, the Court of Appeals held that Commission findings reversing credibility determinations made by a deputy commissioner are reviewable by the Court of Appeals and must be supported by findings "showing why the deputy commissioner's credibility determinations should be rejected." *Id.* at 641, 478 S.E.2d at 226. Applying *Sanders*, the Court of Appeals in this case then reviewed the full Commission's findings of fact and determined that the evidence supporting finding of fact number eighteen,

which set out the Commission's credibility determinations support-ing its opinion that plaintiff was credible, was not relevant to the deputy commissioner's credibility determinations that plaintiff was not credible. *Deese*, 131 N.C. App. at 303, 506 S.E.2d at 737. The court further noted that the full Commission failed to consider several credibility issues raised by plaintiff's testimony that the deputy com-missioner used to support her determination that plaintiff was not credible. *Id.*

On 3 March 1999, this Court granted plaintiff's petition for dis-cretionary review for the limited purpose of remanding the case to the Court of Appeals for reconsideration in light of *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998). In *Adams*, this Court over-ruled *Sanders* to the extent that it required the full Commission to demonstrate " 'that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one.' " *Id.* at 681, 509 S.E.2d at 413-14 (quoting *Sanders*, 124 N.C. App. at 641, 478 S.E.2d at 226). *Adams* reinforced the proposition that the Commission is the sole judge of the credibility of witnesses and that the ultimate fact-finding function lies with the Commission whether it conducts a hearing or reviews a cold record. *Id.* at 680-81, 509 S.E.2d at 413.

The Court of Appeals filed its second opinion in this case on 18 May 1999. In a unanimous decision, the Court of Appeals stated:

Here, after receiving evidence and viewing surveillance videotapes, the deputy commissioner determined plaintiff was involved in the auto sales business beginning with his obtaining a dealer license in February 1994. The deputy commissioner then found plaintiff's testimony that he was not involved in the auto sales business not to be credible.

In finding the plaintiff's testimony to be credible, the Commission based its determination on statements made by the plaintiff to his psychologist, Dr. Lawless, and to his rehabilitation nurse, Ms. Kropelnicki. However, plaintiff's statement that he was "spending some time" at his brother's car dealership was, according to testimony at the hearing, made to Dr. Lawless in 1992, as was the corroborating statement made by plaintiff's wife to Dr. Lawless. In addition, the statement made by plaintiff to Ms. Kropelnicki that he was visiting his brother's car lot was made in early January 1994. We fail to see how these statements were rel-evant to the Commission's credibility determination as plaintiff

did not become involved in the auto sales business until February 1994.

Thus, since this was the only finding to support the Commission's determination that defendant was credible, we conclude there was insufficient evidence to support such a finding.

*Deese v. Champion Int'l Corp.*, 133 N.C. App. 278, 283, 515 S.E.2d 239, 243 (1999). The court further held that it agreed with defendants' argument that the full Commission applied the wrong legal standard in determining disability and that "plaintiff's post-injury earning capacity rather than his actual wages earned is the relevant factor in assessing the disability." *Id.* at 284, 515 S.E.2d at 244. For the reasons stated below, we reverse the Court of Appeals on both issues before this Court for review.

[1] The first issue we must review is whether the full Commission's findings of fact and conclusions of law are supported by competent evidence. We begin our review by applying *Adams*, 349 N.C. 676, 509 S.E.2d 411, to this case.

In *Adams*, this Court carefully detailed the respective roles of the Industrial Commission and the appellate courts when reviewing workers' compensation claims and challenges. The Court also explained the appropriate standard of review to be applied by the Court of Appeals when reviewing Commission decisions. In *Adams*, we said the following:

N.C.G.S. § 97-85 provides in part:

If application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award . . . .

N.C.G.S. § 97-85 (1991). We have stated that "[i]n reviewing the findings found by a deputy commissioner . . . , the Commission may review, modify, adopt, or reject the findings of fact found by the hearing commissioner." *Watkins v. City of Wilmington*, 290 N.C. 276, 280, 225 S.E.2d 577, 580 (1976).

. . . .

DEESE v. CHAMPION INT'L CORP.

[352 N.C. 109 (2000)]

. . . Under our Workers' Compensation Act, "the Commission is the fact finding body." *Brewer v. Powers Trucking Co.*, 256 N.C. 175, 182, 123 S.E.2d 608, 613 (1962). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965).

Whether the full Commission conducts a hearing or reviews a cold record, N.C.G.S. § 97-85 places the ultimate fact-finding function with the Commission—not the hearing officer. It is the Commission that ultimately determines credibility, whether from a cold record or from live testimony. Consequently, in reversing the deputy commissioner's credibility findings, the full Commission is not required to demonstrate . . . "that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one." *Sanders*, 124 N.C. App. at 641, 478 S.E.2d at 226.

. . . .

"The findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence." *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). Thus, on appeal, [an appellate court] "does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Anderson*, 265 N.C. at 434, 144 S.E.2d at 274.

N.C.G.S. § 97-86 provides that "an award of the Commission upon such review, as provided in G.S. 97-85, shall be conclusive and binding as to all questions of fact." N.C.G.S. § 97-86 (1991). As we stated in *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 141 S.E.2d 632 (1965), "[t]he findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary." *Id.* at 402, 141 S.E.2d at 633. The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence.

*Adams*, 349 N.C. at 680-81, 509 S.E.2d at 413-14.

This Court in *Adams* made readily apparent two points: (1) the full Commission is the sole judge of the weight and credibility of the evidence, and (2) appellate courts reviewing Commission decisions are limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law.

In the Court of Appeals' review of the first issue before this Court, it correctly applied the "supported by any competent evidence" standard of review reiterated in *Adams. Id.* at 681, 509 S.E.2d at 414. However, the Court of Appeals erroneously focused its review and based its conclusion that the findings of fact were not supported by any competent evidence on finding of fact eighteen. Finding of fact eighteen reads as follows:

> 18. Despite the Deputy Commissioner's first hand observations of the witness at hearing, the Full Commission finds that plaintiff's testimony regarding his association with his brother's car business and his later investment in said business to be credible for the following reasons: plaintiff informed Dr. Lawless that he had been spending some time with his brother at his brother's car dealership; plaintiff's statements to Dr. Lawless are corroborated by statements to Dr. Lawless by plaintiff's wife; Ms. Donna Kropelnicki, the rehabilitation nurse assigned by defendant to plaintiff's case, had knowledge of the fact that plaintiff was attempting to get out of the house and that he had been frequently visiting his brother's business[;] and[] it was only after Ms. Kropelnicki reported these activities to defendant that the later videotapes were taken.

As a threshold matter, that portion of finding of fact eighteen explaining why the full Commission found plaintiff's testimony credible was unnecessary. The Commission made its findings of fact in the case *sub judice* in September 1997. The only apparent reason the Commission made any findings explaining its determination about credibility was to comply with the Court of Appeals' opinion in *Sanders v. Broyhill Furn. Indus.*, 124 N.C. App. 637, 478 S.E.2d 223, which, as previously noted, this Court overruled in *Adams*. This Court in *Adams* made it clear that the Commission does not have to explain its findings of fact by attempting to distinguish which evidence or witnesses it finds credible. Requiring the Commission to explain its credibility determinations and allowing the Court of Appeals to review the Commission's explanation of those credibility determinations would be inconsistent with our legal system's tradi-

tion of not requiring the fact finder to explain why he or she believes one witness over another or believes one piece of evidence is more credible than another. The Commission's credibility determinations made in response to *Sanders* cannot be the basis for reversing the Commission's order absent other error.

We now turn to our review of the Commission's other findings of fact to determine if there is any competent evidence to support the Commission's findings and whether its conclusions of law are supported by the findings of fact.

Even though there is conflicting testimony, there is competent evidence in the record to support the Commission's findings of fact. Plaintiff's surgeon testified that plaintiff could not return to a job with manual labor. Defendants produced no evidence that plaintiff had been earning wages from any source or that plaintiff had engaged in any activity that went beyond his physical limitations. Additionally, plaintiff testified that while he invested in the car lot and spent time at the lot, he never worked at the lot, sold a car to a customer, or received any pay or wages from the lot. David Goode also testified that plaintiff did not work at the lot, that plaintiff had never sold a car while Goode was present, and that Goode had never told anyone that plaintiff owned the lot. Thus, there is some competent evidence to support the Commission's findings; therefore, we hold that the Commission's findings of fact were conclusive on appeal. We also hold that the Commission's conclusions of law and award entered are supported by its findings of fact. Accordingly, we reverse the decision of the Court of Appeals as to this issue.

[2] The second question presented for review is whether the Commission applied the correct legal standard in making its determination that the plaintiff was temporarily totally disabled from employment under the Workers' Compensation Act.

In order to qualify for compensation under the Workers' Compensation Act, a claimant must prove both the existence and the extent of disability. In the context of a claim for workers' compensation, disability refers to the impairment of the injured employee's earning capacity.

*Stone v. G&G Builders*, 346 N.C. 154, 157, 484 S.E.2d 365, 367 (1997) (citation omitted).

Defendants argue that the Commission erred by looking at plaintiff's lack of actual wages earned instead of plaintiff's earning capac-

ity. In support of this argument, defendants point the Court to finding of fact sixteen, which reads as follows:

16. Mr. William Gregory, a private investigator hired by defendant, obtained videotape of plaintiff on the premises of his brother's car lot in the fall of 1994. Prior investigations by Mr. Gregory produced no evidence that plaintiff was engaging in any activity that went beyond his recommended physical limitations. *Further, there is no evidence in the record that plaintiff was earning wages at his former wage level with defendant from this car business or from any other employment.*

(Emphasis added.)

We do not believe the simple reference in finding of fact sixteen to the fact that plaintiff was not earning wages at his former wage level supports a holding that the Commission applied the wrong standard of review in making its determination that plaintiff was disabled for purposes of the Workers' Compensation Act.

Finding of fact twenty-one reads as follows:

21. As the result of his 4 August 1989 injury by accident, plaintiff has been unable to earn wages in his former employment with defendant or in any other employment from 15 February 1994 through the present and continuing.

The language in finding of fact twenty-one indicates that the Commission applied the correct standard of review and that it looked at plaintiff's wage-earning capacity in making its determination that plaintiff was disabled for purposes of the Workers' Compensation Act. Thus, defendants' argument on this issue fails.

The decision of the Court of Appeals is reversed, and the case is remanded to that court for further remand to the Industrial Commission for reinstatement of its opinion and award.

REVERSED.