CALABRIA, Judge.
ABF Freight Systems, Inc. ("defendant") appeals an opinion and award issued by the North Carolina Industrial Commission ("Commission") awarding Daniel Zbytniuk ("plaintiff") temporary total disability benefits, medical expenses, and attorney fees. We affirm.
Plaintiff, a forty-one-year-old long-haul truck driver, started working for defendant on 9 January 1992. On 13 May 1997, plaintiff sustained a compensable injury to his right knee arising out of and in the course of his employment with defendant. Prior to that time, plaintiff had no history of either right knee or psychological problems. Plaintiff underwent arthroscopic knee surgery on 19 June 1997 to correct patellar chondromylacia of the right knee and was unable to work from 17 June 1997 to 17 September 1997. During that period, plaintiff was paid temporary total disability compensation pursuant to a Form 21 agreement. Thereafter, plaintiff was rated as having a 5% permanent partial disability of his right leg, for which he received compensation pursuant to a Form 26 agreement, and was released to return to work without restrictions. Plaintiff returned to work for defendant earning the same wages at the same position he previously held.
Plaintiff remained with defendant until 27 February 1998, when he voluntarily resigned and took a position with Ronnie Ring Pinestraw that entailed substantially identical job duties. Plaintiff worked in that capacity from March 1998 until late October 2000. During that time, plaintiff continued to experience pain, and Dr. Mark Brenner, plaintiff's treating physician, determined plaintiff's compensable knee injury required a second arthroscopic knee surgery to remove softened cartilage in plaintiff's kneecap, which was performed on 2 August 1999. Plaintiff was unable to work from 19 July 1999 until 13 September 1999, when he was released to return to full duty work without restrictions and did, in fact, return to work for Ronnie Ring Pinestraw. Plaintiff additionally obtained employment with Pate Derby Trucking from December 1999 until March 2000, when he resigned for reasons unrelated to his knee. Despite initial improvement, plaintiff returned to Dr. Brenner on 3 May 2000 whereupon Dr. Brenner determined plaintiff's knee conditioning was deteriorating. Despite continuing to work, by October 2000, plaintiff began manifesting symptoms of depression, including feelings of worthlessness, irritability and decreased enjoyment and interest in daily activities, which plaintiff attributed to his persistent knee pain. On 31 October 2000, plaintiff attempted suicide by carbon monoxide poisoning and, in his suicide note, expressly attributed the attempt to his knee injury and the resulting effects it had on his life, his frustration with his inability to heal, and the handling of his compensation claim by defendant.
Despite ongoing treatment efforts and the use of antidepressants, plaintiff retained suicidal ideations and was treated by Dr. David Ruck, a psychiatrist who determined plaintiff's depression was a direct and proximate result of the compensable injury, starting on 3 May 2002. In addition, Dr. David Williams, a neuropsychologist, evaluated plaintiff on 19 June 2001 and 18 January 2002 and determined plaintiff suffered from severe depression caused by chronic pain and physical limitations flowing from plaintiff's compensable knee injury. Dr. Verne Schmickley, a psychologist retained by defendant, also examined plaintiff but reached a contrary conclusion and determined plaintiff's depression and chronic knee pain were not causally related to his depression. As noted previously, defendant paid temporary total disability compensation from 17 June 1997 to 17 September 1997 pursuant to a Form 21 agreement and compensated plaintiff for a 5% permanent partial disability of his right leg, and plaintiff returned to his pre-injury job and wages. However, defendant denied plaintiff's claim for compensation benefits for his depression and denied treatment. Plaintiff filed a Form 33 for hearing on the issue. The case was heard, and the deputy commissioner awarded, in relevant part, ongoing temporary total disability from 31 October 2000, medical expenses, costs, and attorney fees in the amount of 33% of the award to be paid as costs in addition to the full amount of compensation. The deputy commissioner also imposed $25,000.00 in sanctions for litigation of a claim without reasonable grounds. On appeal, the Commission concluded plaintiff's presumption of disability ceased after 17 September 1997 upon plaintiff's return to work for defendant at his pre-injury wages in his pre-injury position. The Commission further concluded (1) plaintiff had not proven any entitlement to compensation for the period from 27 February 1998 when he voluntarily left defendant's employment to 19 July 1999 when he was taken out of work by Dr. Brenner; (2) plaintiff had proved entitlement to temporary total disability compensation for the period from 19 July 1999 until 13 September 1999 during which period he underwent the second arthroscopic surgery; (3) plaintiff's worsening knee condition from May 2000 onward worsened, in turn, plaintiff's mental condition and led to plaintiff's suicide attempt; (4) the worsening knee pain and increased degree of impairment, which led to depression, constituted a material change in plaintiff's condition as of 31October 2000; (5) the greater weight of the medical evidence showed plaintiff suffered from depression, which was a natural and direct consequence of his compensable injury and continuing knee pain; and (6) plaintiff's knee injury and resulting psychological condition prevented plaintiff from obtaining suitable employment from 31 October 2000. Accordingly, the Commission awarded temporary total disability compensation from 19 July 1999 until 13 September 1999 as well as from 31 October 2000 until such time as plaintiff could return to work earning the same or greater wages he was earning at the time of his injury. The Commission also ordered past and future medical expenses relating to the compensable injury and resulting psychological condition. Finally, the Commission ordered attorney fees to be paid in the amount of 25% of the award to be deducted from the award and reversed the imposition of sanctions. Defendant appeals.
It is well-settled that the employee bears the burden of establishing the compensability of a workers' compensation claim. Holley v. ACTS, Inc., 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003). Our review of the Commission's opinion and award is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." Deese v. Champion Int'l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). With respect to complex medical science questions above the common layperson's experience and knowledge, competent evidence supporting the Commission's findings of fact must be found in expert opinion based on more than mere speculation or conjecture. Young v. Hickory Bus. Furn., 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000). The Commission is the "sole judge of the weight and credibility of the evidence," see Deese, 352 N.C. at 116, 530 S.E.2d at 553, and this Court "'does not have the right to weigh the evidence and decide the issue on the basis of its weight.'" Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting Anderson v. Construction Co., 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)).
In the instant case, each of defendant's four assignments of error relate to the causation testimony by plaintiff's expert, Dr. Williams. Assuming arguendo, Dr. Williams' testimony was improperly admitted, there exists alternative causation evidence by other experts in the record, including stipulated medical records by Dr. Ruck, plaintiff's treating psychiatrist. Upon such evidence, the Commission found as fact that "Dr. Ruck noted plaintiff's persistent suicidal thoughts and diagnosed plaintiff with severe depression that was a direct and proximate result of plaintiff's compensable right knee injury on May 13, 1997." As that finding of fact has not been challenged on appeal, our only determination is whether it supports the Commission's conclusion that plaintiff's depression was a natural and direct consequence of his compensable knee injury and chronic knee pain. We conclude it does and uphold the Commission's award.
Affirmed.
Chief Judge MARTIN and Judge GEER concur.
Report per Rule 30(e).