CLAUDE QUEEN, EMPLOYEE, PLAINTIFF v. PENSKE CORPORATION, EMPLOYER, AND KEMPER c/o GALLAGHER BASSETT, CARRIER, DEFENDANTS

No. COA05-03

(Filed 6 December 2005)

**1. Workers' Compensation— back injury not resolved—need for continuing treatment—supporting evidence**

There was competent evidence supporting the Industrial Commission's findings in a workers' compensation case that plaintiff's back injury continues and that his need for further medical treatment is related to that injury.

**2. Workers' Compensation— back injury—future surgery—not void as conditional**

The requirement in a worker's compensation order that defendant provide surgery in the future for plaintiff's back injury was supported by medical testimony about plaintiff's need for the surgery. The Commission is specifically authorized by statute to consider the possibility of future medical needs and to provide for them.

Appeal by defendants from opinion and award entered 11 October 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 25 August 2005.

*The Sumwalt Law Firm, by Mark T. Sumwalt and Vernon Sumwalt, for plaintiff.*

*Brooks, Stevens & Pope, P.A., by Joy H. Brewer and Kimberly A. D'Arruda, for defendants.*

**QUEEN v. PENSKE CORP.**

[174 N.C. App. 814 (2005)]

HUDSON, Judge.

Plaintiff Claude Queen, an employee of defendant Penske Corporation ("Penske"), claimed a back injury at work on 1 July 2002. Following a hearing on 27 June 2003, Deputy Commissioner Wanda Blanche Taylor issued an opinion and award on 30 March 2004, concluding that plaintiff had sustained a compensable back injury at work and needed medical treatment, including both conservative measures and eventual surgery. Defendants appealed, and on 11 October 2004, the Full Commission issued an opinion and. award affirming the Deputy Commissioner's opinion and award. Defendants appeal. As discussed below, we affirm.

Plaintiff is employed as an engine tuner for Penske. On 1 July 2002, plaintiff felt a sting and pop in his back while lifting a tire. Dr. Jerry Petty, a neurosurgeon, examined plaintiff and ordered an MRI. Based on the MRI, Dr. Petty recommended surgery if plaintiff's symptoms escalated to the point where he could not walk. Dr. Petty also recommended epidural steroid injections. Plaintiff elected not to have the injections, and also expressed a desire to avoid surgery if possible.

The Full Commission made numerous findings of fact including those challenged by defendants:

2. Plaintiff had back problems that pre-existed his injury on July 1, 2002. However, these pre-existing problems were all minor and resolved quickly. In 1978, Plaintiff pulled a muscle in his back while self-employed. In approximately 1993, he hurt his back while picking up a tire. In 1999, Plaintiff hurt his neck. These pre-existing problems required only a few medical appointments each and were managed conservatively by Plaintiff's treating neurosurgeon, Dr. Jerry Petty.

***

8. On July 30, 2002, Plaintiff returned to Dr. Petty and the MRI was interpreted to show degenerative changes in Plaintiff's spine, including stenosis and bulging discs at L2-3, L3-4, and L4-5. Dr. . Petty recommended epidural steroid injections for Plaintiff and also discussed surgical intervention due to the symptoms Plaintiff had experienced since his injury on July 1, 2002.

9. Plaintiff was advised that epidural steroid injections are not guaranteed to provide relief. For this reason, Plaintiff decided not to undergo these injections.

***

11. Plaintiff's symptoms from his back injury come and go. Plaintiff has good days and bad days with his back pain. Although Plaintiff's pain is sometimes absent, he continues to have frequent back pain as a consequence of his injury on July 1, 2003 [sic]. Plaintiff did not experience this back pain before his injury. Despite his back pain, Plaintiff continues to work.

12. Dr. Petty opined that although Plaintiff had pre-existing stenosis and bulging discs, the injury of July 1, 2003 [sic], aggravated these pre-existing conditions and cause Plaintiff to become symptomatic since that time. At the time of the hearing before the Deputy Commissioner, Plaintiff's symptoms have not resulted in a loss of wage earning capacity that would entitle him to disability compensation under N.C. Gen. Stat. 97-28 and 97-29.

13. Dr. Petty recommended Plaintiff have surgery if he remains symptomatic. Dr. Petty opined Plaintiff's need for surgery is a proximate consequence of the specific traumatic incident he sustained on July 1, 2003 [sic], even though Plaintiff had underlying degenerative changes in his spine.

Defendants also challenged the Commission's conclusion, quoted here in pertinent part:

2. As the result of Plaintiff's compensable injury, Plaintiff needs medical treatment, including the conservative measures and surgery recommended by Dr. Jerry Petty. *See* N.C. Gen. Stat. 97-25. Plaintiff's reluctance to undergo some of this treatment does not result in a penalty against him, however, since plaintiff is not receiving disability compensation, the Commission has not ordered Plaintiff to undergo such treatment, and Plaintiff is justified in not wanting to undergo such treatment at the present time. *See* N.C. Gen. Stat. 97-25. In addition, the fact that Plaintiff's symptoms are not always present does not abate Defendants' liability for ongoing medical treatment, since such an inquiry deals not with the necessity of Plaintiff's surgery testified to by Dr. Petty but rather the question of whether a "change of condition" has occurred. . . .

We begin by noting the well-established standard of review for worker's compensation cases from the Industrial Commission. This Court does not assess credibility or re-weigh evidence; it only determines whether the record contains any evidence to support the challenged findings. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d

411, 414 (1998), *rehearing denied,* 350 N.C. 108, 532 S.E.2d 522 (1999). Instead, we are "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000).

[1] Defendants first argue that the Commission erred in finding and concluding that plaintiff's 1 July 2002 injury continues and that his need for further medical treatment is related to that injury. We disagree.

The Worker's Compensation Act specifies that employers provide medical compensation, defined by the Act as:

medical, surgical, hospital, nursing, and rehabilitative services, and medicines, sick travel, and other treatment, including medical and surgical supplies, as may reasonably be required to effect a cure or give relief and for such additional time as, in the judgment of the Commission, will tend to lessen the period of disability . . . .

N.C. Gen. Stat. § 97-2 (19) (2003). "[A]n award for medical compensation must be limited to medical expenses reasonably related to the employee's compensable injury." *Errante v. Cumberland County Solid Waste Mgmt.*, 106 N.C. App. 114, 121, 415 S.E.2d 583, 587 (1992). Defendants contend that plaintiff's back injury had resolved prior to the hearing, and that any future medical treatments he might require were unrelated to his compensable injury.

However, Dr. Petty's deposition contains competent evidence that plaintiff's back problems continued and that the future medical treatments Dr. Petty recommended were related to the 1 July 2002 injury:

[Plaintiff's counsel] Q: . . . [after summarizing plaintiff's medical history]. Based on those set of facts or assuming those facts are accurate or true, *do you have an opinion as to whether it's more likely than not that Mr. Queen either sustained an injury on July 1, 2002, or aggravated a pre-existing condition on July 1, 2002, causing the treatment you have now recommended?*

A. I—I do not know exactly how much back trouble he had had prior to the time he lifted the tire. He didn't see me for it if he had back trouble and *I think that if he had no pain prior to the time he lifted the tire and he had pain after he lifted the tire, I think it's related to lifting the tire.*

Q: Okay. And would you think that the treatment that you have recommended, including the epidural steroid injection, that recommendation, as well as the possibility of future surgery, are as a result of this July 1, 2002, incident or the aggravation of this pre-existing condition?

A. I think that if he had surgery, it would be for the lumbar spinal stenosis, which is congenital, and I think the reason he'd have to have surgery is because that—either that got worse or he kept injuring himself trying to do the type of work he does.

(Emphasis supplied). These excerpts from Dr. Petty's deposition provide competent evidence which supports the findings challenged by defendants. Because we do not reweigh the evidence, but merely determine whether any competent evidence supports the findings, we overrule this assignment of error.

[2] Defendants also argue that the Commission erred in finding and concluding that defendants must provide surgery at some point in the future. We disagree.

Defendants contend that any future surgery plaintiff might require is merely a possibility at this time and that the Commission's order must be void as conditional. However, this eventuality is provided for by statute. The Worker's Compensation Act states, in pertinent part, that:

The right to medical compensation shall terminate two years after the employer's last payment of medical or indemnity compensation unless, prior to the expiration of this period, either: (i) the employee files with the Commission an application for additional medical compensation which is thereafter approved by the Commission, or (ii) the Commission on its own motion orders additional medical compensation. *If the Commission determines that there is a substantial risk of the necessity of future medical compensation, the Commission shall provide by order for payment of future necessary medical compensation.*

N.C. Gen. Stat. § 97-25.1 (2003) (emphasis supplied). Thus, the Commission is specifically authorized to consider the possibility of future medical needs and to provide for them in awards. In addition, the Act provides that:

Medical compensation shall be provided by the employer. Notwithstanding the provisions of G.S. 8-53, any law relating to

QUEEN v. PENSKE CORP.

[174 N.C. App. 814 (2005)]

the privacy of medical records or information, and the prohibition against ex parte communications at common law, an employer paying medical compensation to a provider rendering treatment under this Chapter may obtain records of the treatment without the express authorization of the employee. *In case of a controversy arising between the employer and employee relative to the continuance of medical, surgical, hospital, or other treatment, the Industrial Commission may order such further treatments as may in the discretion of the Commission be necessary.*

The Commission may at any time upon the request of an employee order a change of treatment and designate other treatment suggested by the injured employee subject to the approval of the Commission, and in such a case the expense thereof shall be borne by the employer upon the same terms and conditions as hereinbefore provided in this section for medical and surgical treatment and attendance.

N.C. Gen. Stat. § 97-25 (2003). "Whether to authorize supplemental medical treatment under section 97-25 is a matter firmly within the Commission's discretion. A discretionary ruling will be upheld on appeal, provided that the decision was reasonable and was not whimsical or ill-considered." *Clark v. Sanger Clinic, P.A.*, 142 N.C. App. ·350, 360, 542 S.E.2d 668, 675, disc. review denied, 353 N.C. 450, 548 S.E.2d 524 (2001) (internal citation omitted). Given the testimony from Dr. Petty about defendant's possible need for back surgery in the future and the findings and conclusions based thereupon, we conclude that the Commission's decision was reasonable.

Affirmed.

Judge TIMMONS-GOODSON concurred prior to 31 October 2005.

Judge ELMORE concurs.