* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, Having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Hall with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which was entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant.
3. Defendant is self-insured, and Key Risk Management Services, Inc. was the duly qualified servicing agent at the time of the alleged incident.
4. Plaintiff's average weekly wage was to be determined by the Form 22 submitted at the hearing.
5. The date of the alleged incident is November 23, 2004.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff began her employment with defendant on September 8, 2004. She was hired to work in the kitchen and performed various duties related to food preparation at East Wake Middle School.
2. Plaintiff had a long history of back problems, beginning as early as December 14, 1999, the first time she sought treatment from Dr. Charron. After conservative matters did not resolve plaintiff's problem, she underwent surgery by Dr. Charron on February 24, 2004 consisting of lumbar diskectomies as L4-5 and L5-S1. Dr. Charron noted that plaintiff was not asymptomatic after that surgery as she had complained of low back pain and left leg symptoms prior to the surgery, and continued to have the same complaints following the surgery. An MRI in May 2004 showed a large left-sided L5-S1 recurrent disc herniation. Dr. Charron recommended that plaintiff undergo repeat decompression surgery at that L5-S1 in June and July 2004.
3. Plaintiff testified that on November 23, 2004 she injured her back while throwing trash into a dumpster, and that she reported the incident to her supervisors, Phyllis Goodman and Lachmin Stephens. However, both Ms. Goodman and Ms. Stephens testified that plaintiff did not report any such incident to them. Plaintiff's testimony is not found to be credible. On plaintiff's next scheduled date to work she called in sick, but did not relate her absence to the alleged incident, or anything concerning her back.
4. Dr. Charron re-examined plaintiff on December 2, 2004, but plaintiff did not mention anything about an on the job injury. Dr. Charron continued to treat plaintiff during December 2004 and into January 2005, but there is nothing in his notes to indicate that plaintiff reported an on the job injury aside from a January 2005 letter to Dr. Charron from plaintiff's counsel in which plaintiff's counsel alleges there was a "workers' compensation accident that occurred on November 23, 2004." According to Dr. Charron, it is his normal practice to note an injury that he feels is significant toward a person's condition.
5. When Dr. Charron re-examined plaintiff in December 2004 she was complaining of the same symptoms she had been complaining about throughout his treatment of her, including lower back pain and left leg pain. After his December 2, 2004 examination of plaintiff, Dr. Charron recommended a repeat MRI that was done on December 22, 2004. The MRI revealed the same problems at the same level as the previous MRI's and according to Dr. Charron there was not a significant change. Dr. Charron recommended the same surgery in December 2004 as he had recommended in June and July 2004. Furthermore, Dr. Charron would have suggested the surgery with or without the alleged November 2004 incident.
6. Plaintiff's testimony regarding work she missed as a result of the alleged work related injury was inconsistent with attendance records submitted into evidence. Plaintiff's testimony was likewise inconsistent regarding her treatment for her back condition.
7. Based upon the greater weight of the evidence, the Full Commission finds plaintiff's testimony not credible.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the Workers' Compensation Act, the Commission is the fact-finding body and is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Deese v.Champion Intern. Corp., 352 N.C. 109, 530 S.E.2d 549 (2000). The Full Commission finds plaintiff's testimony not to be credible and does not give her testimony greater weight than the testimony of Dr. Charron, Ms. Goodman, or Ms. Stephens.
2. Plaintiff has failed to prove that her condition is the result of an accident arising out of and in the course of employment with defendant. N.C. Gen. Stat. § 97-2.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
This the 15th day of September, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER